**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DZ BANK AG DEUTSCHE | § | |
| ZENTRAL- | § | |
| GENOSSENSCHAFTSBANK, | § | |
| FRANKFURT AM MAIN, | § | |
| NEW YORK BRANCH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-1635 |
| | § | |
| JANEL APOSTOL INSURANCE | § | |
| AGENCY CORPORATION and | § | |
| JANEL APOSTOL, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss Action ("Motion to Dismiss") [Doc. # 12] filed *pro se* by Defendants Janel Apostol Insurance Agency Corporation ("Agency") and Janel Apostol, to which Plaintiff DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt AM Main, New York Branch ("Bank") filed an Opposition [Doc. # 15]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

In August 2007, Brooke Credit Corporation ("BCC") entered into a loan agreement ("Loan") with Agency. Apostol signed a Personal Guaranty in which she unconditionally guaranteed Agency's payment obligations under the Loan. Bank

alleges that it has "full ownership of the Loan and the Personal Guaranty." *See* Complaint [Doc. # 1], ¶ 13.

Agency and Apostol defaulted under the Loan and Personal Guaranty.  Bank filed this lawsuit asserting a breach of contract claim against Agency in connection with the Loan and a breach of guaranty claim against Apostol individually. Defendants *pro se* have moved to dismiss.

The Court notes first that Agency is a corporation but is not represented by a licensed attorney.  Corporations may not appear in federal court without an attorney. *See, e.g., Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982)).  Consequently, Agency cannot appear without a licensed attorney and Apostol, who is not a licensed attorney, cannot represent Agency.

As a second matter, the Court notes that the Motion to Dismiss was filed on November 4, 2010, well after Defendants filed an Answer [Doc. # 6] on June 2, 2010. A Motion to Dismiss under Rule 12(b)(6) must be filed before a responsive pleading, if allowed, is filed.  *See* FED. R. CIV. P. 12(b).  As a result, the Motion to Dismiss is untimely.

On the merits of the Motion to Dismiss, the Court concludes that Bank has adequately pled its claims against Defendants.  A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Id.*  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.

Bank has adequately alleged that it has full ownership of the Loan and the Personal Guaranty.  Bank alleges that Agency entered into the Loan, which is in default.  Bank adequately alleges also that Apostol guaranteed Agency's payment obligations under the Loan and defaulted on the guaranty.  These allegations are sufficient to withstand a motion to dismiss.  Apostol's challenge to the Bank's ownership of the Loan and Personal Guaranty, Apostol's assertion that BCC made certain misrepresentations in connection with the Loan and Personal Guaranty, and Apostol's position that she did not sign the Personal Guaranty in her individual

capacity are matters that may be addressed, if appropriate, in a motion for summary

judgment to be filed after the completion of discovery.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 12]  is **DENIED**.  It

is further

**ORDERED**  that  the  Answer  filed  by  Apostol  on  Agency's  behalf  is

**STRICKEN** as to Agency.  Agency shall advise the Court in writing by **January 14,**

**2011**, whether it has retained an attorney to represent it in this lawsuit.  If there is no

licensed  attorney  to  represent  Agency  by  that  date,  Bank  may  request  default

judgment against Agency.

SIGNED at Houston, Texas, this 9th day of **December, 2010**.

Nancy F. Atlas
United States District Judge