## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DZ BANK AG DEUTSCHE | § | |
| ZENTRAL- | § | |
| GENOSSENSCHAFTSBANK, | § | |
| FRANKFURT AM MAIN, | § | |
| NEW YORK BRANCH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-1635 |
| | § | |
| JANEL APOSTOL INSURANCE | § | |
| AGENCY CORPORATION and | § | |
| JANEL APOSTOL, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Apostol's Motion") [Doc. # 33] filed *pro se* by Defendant Janel Apostol, to which Plaintiff DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt Am Main, New York Branch ("DZ") filed an Opposition [Doc. # 34]. Also pending is DZ's Motion for Summary Judgment ("DZ's Motion") [Doc. # 35] against both Defendants, to which Apostol filed a Response [Doc. # 37].

Defendant Janel Apostol Insurance Agency Corporation ("Agency") neither filed any opposition to DZ's Motion nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition.

S.D. TEX. R.  7.3, 7.4.  However, when a party fails to respond to a motion for summary judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

The Court has reviewed the record and applied governing legal authorities. Based on that review, the Court **denies** Apostol's Motion, **grants** DZ's Motion as to the Agency, and **denies** DZ's Motion as to Apostol.

## I.   BACKGROUND

In August 2007, Brooke Credit Corporation ("BCC") entered into a loan agreement ("Loan") with Agency.  Apostol signed a Personal Guaranty as "Janel Apostol Insurance Agency Corp."  *See* Guaranty, Exh. 3 to DZ's Motion.

The uncontroverted evidence in the record establishes that, through a series of assignments, DZ has authority to enforce rights under the Loan and Guaranty.  *See* Affidavit of Patrick McShane, Exh. 1 to DZ's Motion, ¶¶ 10-11.

Agency defaulted under the Loan, and Apostol refused to pay under the Guaranty.  DZ filed this lawsuit asserting a breach of contract claim against Agency in connection with the Loan and a breach of guaranty claim against Apostol individually.  After the close of discovery, Apostol filed a Motion for Summary Judgment on DZ's claim against her individually.  DZ filed a Motion for Summary Judgment against both Agency and Apostol.  The Motions are now ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party, however, need not negate the elements of the non-movant's case.  *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th

Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the

non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat

summary judgment where the evidence in the record is to the contrary.  *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

## III.   DZ'S CLAIM AGAINST THE AGENCY UNDER THE LOAN

In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant and damages as a result of that breach.  *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.)).  In this case, DZ has presented uncontroverted evidence that Agency entered into the Loan agreement, that BCC (DZ's predecessor) funded the Loan to Agency, that Agency has breached its obligations under the Loan by failing to make required payments, and that DZ has

suffered damages in at least the amount due under the Loan.  Agency has failed to present evidence to raise a genuine issue of material fact on any of these elements.  As a result, DZ is entitled to summary judgment on the Loan against Agency.

## IV.   DZ'S CLAIM AGAINST APOSTOL UNDER THE GUARANTY

DZ and Apostol dispute whether Apostol signed the Guaranty document in her individual capacity.  Apostol states that she "never signed or intended to sign the Guaranty in her Individual capacity."  *See* Apostol's Motion, p. 2.  The Guaranty reflects clearly that Apostol signed "Janel Apostol Insurance Agency Corp." on the signature line.  There is nothing to indicate that BCC objected to Apostol signing the Guaranty in this manner.  The Guaranty does not contain Apostol's signature of her name alone.

The Guaranty appears to reflect that "Janel Apostol Individually" is printed beneath the signature line, but the word following the name "Janel Apostol" is blurred and covered to some extent by Apostol's signature.  Although "Janel Apostol Insurance Agency Corp." is identified in the Guaranty as the Borrower, nowhere in the body of the Guaranty is Apostol, individually or otherwise, identified as the guarantor.  DZ argues that it is nonsensical to have Apostol in her corporate capacity guarantee a loan to the corporation, but there is nothing in the Guaranty to indicate that Apostol was required to sign in any other capacity.

The evidence in the record presents a fact issue regarding whether Apostol individually entered into a Guaranty agreement with BCC, DZ's predecessor. That issue must be resolved by the Court at trial. Accordingly, Apostol's Motion and DZ's Motion as to Apostol's individual liability under the Guaranty are both denied.

## V.      CONCLUSION AND ORDER

The undisputed evidence establishes that DZ is entitled to summary judgment under the Loan against the Agency, which has filed no opposition to DZ's Motion. There exists, however, a genuine issue of material fact regarding whether Apostol is liable in her individual capacity under the Guaranty. Accordingly, it is hereby

**ORDERED** that Apostol's Motion for Summary Judgment [Doc. # 33] is **DENIED**. It is further

**ORDERED** that DZ's Motion for Summary Judgment [Doc. # 35] is **GRANTED** as to Janel Apostol Insurance Agency Corporation and **DENIED** as to Apostol individually.

The case remains scheduled for docket call at **4:00 p.m. on June 22, 2011**.

SIGNED at Houston, Texas, this **29th** day of **April, 2011**.

Nancy F. Atlas
United States District Judge